**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **CHARLES ROBERT SCALF,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-05-115** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

This case involves a 28 U.S.C. § 2254 petition for habeas corpus challenging the constitutionality of a state prisoner's conviction. Pending before the Court is Respondent Nathaniel Quarterman's Motion for Summary Judgment (Dkt. #21). After considering the motion, the response, the record, and the applicable law, the Court is of the opinion that Respondent's Motion for Summary Judgment should be granted.

### Factual and Procedural Background

Petitioner Charles Robert Scalf ("Scalf") is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Respondent is the director of the TDCJ-CID. The Respondent has lawful custody of Scalf pursuant to a judgment and sentence issued by the 377th Judicial District Court of Victoria County, Texas in cause number 01-7-19,003-D. Scalf pled not guilty and proceeded to a jury trial on the charge of unlawful possession of marijuana, a third degree felony. On June 6, 2002, a jury found Scalf guilty and sentenced him to life imprisonment as a habitual offender.

On Scalf's behalf, attorney W.A. White appealed his conviction to the Court of Appeals for the Thirteenth Judicial District of Texas on September 3, 2003.[1]  Scalf's attorney raised a single issue alleging the prosecutor improperly referred to Scalf's decision not to testify in his closing argument, violating his Fifth Amendment rights.  The Court of Appeals affirmed his conviction on August 19, 2004, finding that Scalf had failed to preserve this issue for review in the trial proceeding.[2]  Subsequently, Scalf filed a petition for discretionary review with the Texas Court of Criminal Appeals on October 25, 2004.[3]  The petition asserted two issues, including the improper prosecution argument and a claim that the indictment was fatally defective because it failed to include enhancement paragraphs.  The Texas Court of Criminal Appeals refused the petition on March 2, 2005.

Scalf raised the instant claims in a state habeas petition filed on April 28, 2005 in the trial court of his conviction.[4]  The Victoria County District Court certified the habeas petition after the time had expired for the trial court to issue any orders, signifying that there were no previously unresolved facts material to the legality of his confinement.[5]  On August 17, 2005, the Texas Court of Criminal Appeals denied Scalf's habeas petition without written order.[6]  Scalf filed the instant federal habeas petition on November 16, 2005.

---

[1]  Dkt. #11, ex. 3, p. 1.

[2]  C.R. 53, dkt. # 10, ex. 5, p. 19.

[3]  Dkt. #10, ex. 6, p. 8.

[4]  C.R. 3, dkt. #10, ex. 4, p. 9.

[5]  C.R. 29, dkt. #10, ex. 4, p. 35.

[6]  Dkt. # 10, ex. 2, p. 2.

2

**Claims and Allegations**

In the instant habeas petition, Scalf raises the following grounds upon which he claims to be entitled to relief:

(1)   His Fourth Amendment rights were violated because the arresting officer had no probable cause to stop and search his vehicle;

(2)   There was insufficient evidence linking him to the marijuana;

(3)   The charging indictment was fatally defective because it did not include the enhancement paragraphs used to charge the jury at punishment; and

(4)   His counsel was ineffective because:

    (a)   he failed to object to the prosecutor's improper reference to Scalf's failure to testify;

    (b)   he failed to object to the jury sentencing charge which included enhancement paragraphs; and

    (c)   he failed to pursue an independent investigation of the fingerprints on the contraband.

**Standard of Review**

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The intent of the AEDPA is to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under the law, *Bell v. Cone*, 122 S. Ct. 1843, 1849 (2002), by limiting the scope of collateral review and raising the standard for federal habeas relief.  *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003).

Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in state court unless the state adjudication was (1) contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *Williams v. Taylor,* 120 S. Ct. 1495, 1519 (2000)

3

(citing 28 U.S.C. §§ 2254(d)(1) and (2)).  A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Court's precedent.  *Early v. Packer*, 123 S. Ct. 362, 365 (2002).  A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply.  *Williams,* 120 S. Ct. at 1520–23.  In deciding whether a state court's application was unreasonable, this court considers whether the application was objectively unreasonable.  *Id.* at 1521.

The AEDPA affords deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1041 (2003).  A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El*, 123 S. Ct. at 1036.

These standards will be applied to the pending summary judgment motion.

## Analysis

As a preliminary matter, Petitioner has requested the Court to appoint counsel in this habeas proceeding due to his physical condition.  However, the Court will deny this request because a habeas petitioner serving a noncapital sentence has no right to appointment of counsel. *Callins v.*

*Johnson*, 89 F.3d 210, 212 (5th Cir. 1996).  Habeas corpus is a civil action, and there is no absolute constitutional right to the assistance of counsel in such proceedings in federal court. *Id.* (citing *Pennsylvania v. Finley*, 107 S. Ct. 1990, 1993 (1987)); *see also In Re Joiner*, 58 F.3d 143, 144 (5th Cir.1995).  Petitioner has provided factual and legal argument in his application for habeas corpus, as well as in his response to Respondent's motion for summary judgment.  The Court will liberally construe all pleadings filed by the petitioner.

      A.     Fourth Amendment

Scalf first contends that habeas relief should be granted because his conviction was based on an illegal search and seizure, violating his Fourth Amendment rights.  The well-established precedent of the United States Supreme Court precludes a federal district court from granting habeas relief when the defendant has had a full and fair opportunity to litigate his Fourth Amendment claim. *Stone v. Powell*, 96 S. Ct. 3037, 3050–51 (1976); *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006).  Scalf does not contend that he was denied a full and fair opportunity to litigate his Fourth Amendment claim, but instead attempts to relitigate the issue in his federal habeas petition.  The trial record demonstrates that Scalf's attorney filed a motion to suppress the state's evidence and a lengthy pretrial suppression hearing was held.  Scalf also had his Fourth Amendment challenge rejected on the merits by the Texas Court of Criminal Appeals in his state habeas petition. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) ("In Texas writ jurisprudence, usually a denial of relief rather than a 'dismissal' of the claim by the Court of Criminal Appeals disposes of the merits of a claim." (citing *Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)).  Scalf, therefore, was given multiple opportunities to fully and fairly litigate his Fourth Amendment claim.  Accordingly, Scalf is not entitled to habeas relief on this ground.

B.   Sufficiency of the Evidence

Scalf argues that the evidence was legally insufficient to prove beyond a reasonable doubt that he possessed marijuana.  Scalf contends there was no proof linking him to the marijuana found underneath the sleeping compartment of his truck.  In support of this argument, Scalf asserts that nothing in the compartment of the truck where the marijuana was found could be attributed to him, his fingerprints were not on any bundles of the marijuana, and his fingerprints were not found on the duffle bag containing the marijuana.  Scalf concludes that the evidence supports a finding of innocence and that his conviction should be reversed.

The standard of review for an insufficient evidence claim in a federal habeas corpus proceeding is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999) (citing *Jackson v. Virginia*, 99 S. Ct. 2781, 2789 (1979)).  "All credibility choices and conflicting inferences are to be resolved in favor of the verdict."  *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) (quoting *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir.1999)).  The reviewing court is not authorized to substitute its interpretation of the evidence for that of the fact finder.  *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

First, the Court of Criminal Appeals rejected Scalf's sufficiency of the evidence argument on the merits when it denied his petition for habeas corpus without written order.  Further, the State was not required to prove that Scalf's fingerprints were on the marijuana or the duffle bag.  The State was required to prove (1) Scalf knew of the marijuana's existence, and (2) he exercised control, care, or management over it.  *Johnson v. State*, 658 S.W.2d 623, 627 (Tex. Crim. App.

1983), *rev'd on other grounds*, 956 S.W.2d 33 (Tex. Crim. App. 1997); *see also Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.– Houston [14th Dist.] 2005, no pet.).  It was not necessary to show that Scalf had exclusive control over the area where the marijuana was found; however, if control was jointly exercised with other persons, the prosecution needed to present additional affirmative links which would raise a reasonable inference that Scalf knew about and had control over the marijuana. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986); *Villegas v. State*, 871 S.W.2d 894, 896 (Tex. App. – Houston [1st Dist.] 1994, pet. ref'd).  Some of the relevant factors included (1) Scalf's presence when the search was conducted; (2) whether the marijuana was in plain view; (3) Scalf's proximity to the marijuana and the marijuana's accessibility; (4) whether Scalf was under the influence of narcotics; (5) whether Scalf possessed any narcotics or other contraband when he was arrested; (6) whether Scalf made any incriminating statements at the time of his arrest; (7) whether Scalf made any attempt to flee; (8) whether Scalf made any furtive gestures; (9) whether any odor was detected; (10) whether other contraband or drug paraphernalia were present; (11) whether Scalf owned or had the right to possess the truck where the drugs were found; (12) whether the place where marijuana was found was enclosed; (13) whether Scalf was found with a large amount of cash; and (14) whether Scalf's conduct indicated a consciousness of guilt.  *Olivarez*, 171 S.W.3d at 291 (citing  *Washington v. State*, 902 S.W.2d 649, 652 (Tex. App.– Houston [14th Dist.] 1995, pet. ref'd)); *Chavez v. State*, 769 S.W.2d 284, 288-89 (Tex. App.– Houston [1st Dist.] 1989, pet. ref'd).

Several of these other affirmative links were established at trial which would allow a rational trier of fact to conclude that Scalf knowingly possessed the marijuana.  First, Scalf was driving the truck where the marijuana was found.  Also, State Trooper Magana testified that during the traffic

stop Scalf "appeared nervous" and "avoided eye contact" and his hands were noticeably shaking, causing him to become suspicious.[7]  The marijuana was also found in a compartment under the sleeper of Scalf's truck, presumably where he would sleep.[8]  Many of Scalf's personal items, including clothing, prescription medication, logbooks and receipts with his name were found in the interior of the truck, indicating Scalf exercised control and possession of this truck.[9]  Additionally, the marijuana was stored in close proximity to a toolbox, emergency kit and automotive fluids that likely would have been used by a truck driver to maintain his vehicle during a long haul.[10]  This evidence is sufficient to uphold a finding that Scalf was in constructive possession of the marijuana. The Court is of the opinion that, viewing this evidence in the light most favorable to the prosecution, the evidence is sufficient for a rational fact finder to determine all elements of the crime were established beyond a reasonable doubt.  Therefore, Scalf is not entitled to habeas relief on this ground.

C.    Defective Indictment

Scalf next claims he should be granted habeas relief because the trial court had "no authority to include the four enhancement paragraphs in the jury charge" which were not made part of the original indictment.  The sufficiency of a state indictment is not a basis for federal habeas relief unless the indictment is so defective that it deprives the convicting state court of jurisdiction. *Riley v. Cockrell*, 339 F.3d 308, 313-14 (5th Cir.2003).  Whether the indictment is sufficient to confer

---

[7]  R.R. 31, dkt. #14, ex. 3, p. 31.

[8]  R.R. 36, dkt. #14, ex. 3, p. 36.

[9]  R.R. 67, dkt. #14, ex. 4, p. 27.

[10]  R.R. 47, dkt. #14, ex. 4, p. 7.

jurisdiction on the state trial court is a matter of state law. *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir.1994) (citing *Lavernia v. Lynaugh*, 845 F.2d 493 (5th Cir.1988)).  "Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." *Id.* at 68 (citing *Millard v. Lynaugh*, 810 F.2d 1403 (5th Cir.1987)).  Because Scalf raised this issue in his state habeas application, the Texas Court of Criminal Appeals has already considered the sufficiency of the indictment, and "in declining to grant relief 'necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose.'" *Id.* at 68 (quoting *Alexander v. McCotter,* 775 F.2d 595, 599 (5th Cir. 1985)).

Further, prevailing Texas law dictates that the defendant must be given notice if the State intends to use prior convictions as sentence enhancements, but not that they must be pled in the indictment.  *Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997) (noting "alleging an enhancement in the indictment is not the only reasonable method of conveying such notice").  In the instant case, the State filed a notice on January 4, 2002 stating its intent to prove prior convictions for purposes of enhancement.[11]  Trial did not commence in Scalf's case until June 3, 2002, giving the defendant six months prior notice that such enhancement would be sought at his trial.  Under Texas law, this is ample notice of the State's intent to use the defendant's prior convictions, and therefore, the enhancement paragraphs were not required to be pled in the indictment.  Therefore, Scalf is not entitled to habeas relief on this ground.

D.    Ineffective Assistance of Counsel

Attorneys Lane Vaughn and Frank Henderson, Jr. represented Scalf at trial.  Scalf contends that he received ineffective assistance of counsel during the guilt/innocence and punishment stages

---

[11]  C.R. 63, dkt. # 10, ex. 5, p. 29.

of his trial based on three grounds.  They are summarized as follows:

> (A)    counsel failed to object to the prosecutor's improper reference to Scalf's failure to testify;
>
> (B)    counsel failed to object to the jury sentencing charge which included enhancement paragraphs; and
>
> (C)    counsel failed to pursue an independent investigation of the fingerprints on the contraband.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 104 S. Ct. 2052 (1984).  To assert a successful ineffective assistance claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance.  *Id.* at 2064.  The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998); *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 104 S.Ct. at 2064.  In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy.  *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996).  To overcome this presumption, a petitioner must identify the acts or omissions of counsel which indicate a lack of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).  However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment

of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 104 S. Ct. at 2066. Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 2068. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 113 S. Ct. 838, 844 (1993).   In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the defendant of any substantive or procedural right to which he is entitled. *Id.*

(A)      Failure to Object to Prosecution's Argument

Scalf complains that his counsel was deficient when he failed to object to the prosecutor's closing argument.  He contends that a proper objection would have been sustained in regard to the argument:

> All kinds of responses, speculation, as to, why would the defendant do this or that? Look, only one person knows what went on in the defendant's mind.  Your instructions are, 'You must not consider, discuss, nor relate any matters not in evidence before you.'  There is no evidence as to what the defendant had in his mind.[12]

Scalf asserts that the argument is a direct comment on his failure to testify, in violation of his Fifth Amendment right.

In a federal habeas corpus proceeding, this court must review allegedly improper prosecutorial arguments under a strict standard. *Dowthitt v. Johnson*, 230 F.3d 733, 755 (5th Cir.

---

[12]   R.R. 113, dkt. #16, ex. 5, p. 32.

2000).  It is not enough that the prosecutor's statements are considered undesirable or even found to be universally condemned.  The relevant issue is whether the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.  *Darden v. Wainwright*, 106 S. Ct. 2464, 2471 (1986).  To warrant federal habeas relief, the objectionable remarks must render the entire trial fundamentally unfair.  *Id.*

A prosecutor cannot comment on a defendant's failure to testify.  *United States v. Fierro*, 38 F.3d 761, 771 (5th Cir. 1994) (citing *United States v. Bright*, 630 F.2d 804, 825 (5th Cir.1980)).  However, a prosecutor's reference to the absence of evidence is not always an impermissible comment regarding the defendant's silence.  *United States v. Zanabria*, 74 F.3d 590, 592-93 (5th Cir. 1996).  Under Texas law, a prosecutor during final argument may: (1) make a summation of the evidence; (2) make any reasonable deduction from the evidence; (3) answer an argument of the opposing counsel; and (4) make a plea for law enforcement.  *Bigby v. State*, 892 S.W.2d 864, 889 (Tex. Crim. App. 1994).  During the final argument at Scalf's trial, the prosecutor did not directly comment on the defendant's failure to testify.  Defense counsel argued that defendant would not have allowed the search or broken traffic laws if he knew the marijuana was in his truck.[13]  The prosecutor was responding to this argument which requested the jury to speculate about what was going on in defendant's mind.  The prosecutor went on to say: "You don't have that (i.e. what was in the defendant's mind) to consider and you can't speculate about it.  It's an improper thing to do."[14]  Thus, there is no indication that the prosecutor's statement was intended to be a comment on Scalf's failure to testify, but instead was merely a comment on the lack of this evidence and a

---

[13]  R.R. 98–99, dkt. #16, ex. 5, pp. 17–18.

[14]  *Id.*

response to opposing counsel's argument. *See Beathard v. Johnson*, 177 F.3d 340, 350-51 (5th Cir. 1999). Therefore, Scalf was not prejudiced by the argument and his attorneys were not deficient in failing to raise an objection.

### (B)   Failure to Object to Enhancement Paragraphs in Jury Charge

As discussed *supra*, it was not improper for the trial court to include the enhancement paragraphs in the jury charge during the punishment phase because defendant was given notice that such prior convictions would be used for enhancement. As such, counsel's performance was not deficient in this regard because any objection would have been futile. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

### (C)   Failure to Investigate Fingerprints

Counsel has a duty to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary. *Strickland v. Washington*, 104 S. Ct. 2052, 2066 (1984); *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997). "A particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments." *Roberts v. Dretke*, 381 F.3d 491, 498 (5th Cir. 2004). A strong presumption arises that the decisions of counsel fall within a wide range of professional assistance. *Granados v. Quarterman*, 455 F.3d 529, 534 (5th Cir. 2006). If counsel has investigated the facts and law informing him of the issues ahead, his choice at trial will not be lightly second guessed, absent a result that robs the client of a fair trial. *Id.* To establish his failure to investigate claim, Scalf must allege with specificity what the investigation would have revealed and how it would have benefitted him. *United States v. Green*, 882 F.2d 999, 1003 (5th

13

Cir.1989).

While trial counsel could have investigated the fingerprints further to determine who they belonged to, Scalf has not met the prejudice prong of *Strickland*. Scalf has not demonstrated that the outcome of his case would have been any different had the owner of those fingerprints been identified. Defense counsel established through cross-examination that the fingerprints were not Scalf's and that no further fingerprint investigation was conducted by police. Despite this information, the jury still found Scalf guilty, indicating that the fingerprints were not dispositive in the jury's deliberations. Thus, Scalf cannot show prejudice. The Court is of the opinion that Scalf was not denied effective assistance of counsel at trial, and therefore, is not entitled to habeas relief on this ground.

This Court finds that the state trial and appellate courts' decisions are not contrary to, nor do they involve any unreasonable application of, federal law; nor are the courts' findings unreasonable in light of the record. 28 U.S.C. § 2254(d). Therefore, Scalf's petition for a writ of habeas corpus is **DISMISSED**.

### Certificate of Appealability

Under 28 U.S.C. § 2253, Scalf needs to obtain a certificate of appealability before he can appeal this Memorandum Opinion and Order dismissing his petition. To obtain a certificate of appealability, Scalf must make a substantial showing of the denial of a constitutional right. *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Scalf must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Memorandum Opinion

and Order, Scalf has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). Therefore, the Court **DENIES** the issuance of a certificate of appealability in this action.

**Conclusion**

The Court **ORDERS** the following:

1.      Petitioner's Motion to Appoint Counsel (Dkt. #4) is **DENIED.**

2.      Respondent's Motion for Summary Judgment (Dkt. #21) is **GRANTED**.

3.      This action is **DISMISSED**, with prejudice.

4.      A Certificate of Appealability is **DENIED**.

**SIGNED** on this 8th day of January, 2007.


JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE