IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **CHARLES ROBERT SCALF,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-05-115** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER

Pending before this Court is Petitioner's Motion for Certificate of Appealability (Dkt. # 25), Motion for Extension of Time to Submit Appeal (Dkt. # 27), and Motion for Evidentiary Hearing (Dkt. # 28).

In the Court's previous Memorandum Opinion and Order issued on January 8, 2007 (Dkt. # 23), the Court prospectively denied Petitioner a certificate of appealability. The Court found that Petitioner had not made a substantial showing that he had been denied any of his constitutional rights, as required under 28 U.S.C. § 2253. *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). The Court has already considered the issuance of a certificate of appealability and finds no grounds for changing its ruling. Accordingly, Petitioner's pending motion for COA is denied for the reasons stated in the previous order.

Petitioner's other pending motion for an evidentiary hearing will also be denied. The Federal Rules of Civil Procedure do not expressly provide for motions for hearing. As such Petitioner's motion should be construed as either (1) a motion to alter or amend judgment under Federal Rule

of Civil Procedure 59(e), or (2) a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994) (citing *Lavespere v. Niagra Mach & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). The decision to apply one or the other of these rules depends on when the motion was served. "If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Ford*, 32 F.3d at 937 n.7.

The final judgment in this case was entered on January 8, 2007. (Dkt. # 24). The Court's docket indicates that Petitioner's motion was entered on January 18, 2007. (Dkt. # 28). Because the Petitioner's motion was filed within ten days of final judgment, the Court will treat Petitioner's motion as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). A court is not required to grant a motion for reconsideration to resolve issues which could have been raised during the prior proceedings. *See Westbrook v. Commissioner*, 68 F.3d 868, 879 (5th Cir. 1995). In his motion, Petitioner requests an evidentiary hearing "pertain[ing] to the memorandum, arguments to grounds that defendant submitted" (Dkt. # 28). Petitioner does not provide the Court with any grounds to grant a hearing, as his motion merely requests a rehearing of the same arguments already presented and considered by the Court. These arguments have previously been fully briefed by all parties and addressed by the Court in its Memorandum Opinion and Order (Dkt. # 23). Therefore, in the absence of any new arguments or evidence that could not have been raised in the prior proceeding, the Court denies Petitioner's motion for reconsideration.

Further, as Petitioner has already timely filed his notice of appeal, his motion for extension of time will be denied as moot. *See* Dkt. # 26. If Petitioner is requesting an extension of time to file his brief, he will have to address that request to the Fifth Circuit, as the Court of Appeals now

has, for all practical purposes, exclusive jurisdiction over Petitioner's case while it is on appeal. Any further motions filed in this Court related to the merits of Petitioner's case will only serve to delay the Court of Appeals' ability to address Petitioner's concerns about this Court's judgment.

**Conclusion**

The Court **ORDERS** the following:

1. Petitioner's Motion for Certificate of Appealability (Dkt. # 25) is **DENIED.**

2. Petitioner's Motion for Extension of Time (Dkt. # 27) is **DENIED** as moot.

3. Petitioner's Motion for an Evidentiary Hearing (Dkt. # 28) is **DENIED**.

**SIGNED** on this 31st day of January, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE